By the Court.—Barbour, Ch. J.
A grant to a patentee of an exclusive right to manufacture and vend an article described therein is a grant of property, and if the validity of the patent is unquestioned, State Courts will protect the owner of such property in the enjoyment thereof, by means of a decree of injunction, to the same extent as they would do were the subject matter of the litigation of any other description. But where the validity of the plaintiff’s patent is put in question by the pleadings in a State Court, and the defendant presents such proofs upon the trial as render it necessary for the court to examine and pass upon conflicting patents or claims of priority in invention in order to determine whether the plaintiff has such a property in the subject matter of the grant as entitles him to the exclusive and unmolested use of it, and an objection is taken to the jurisdiction of the court for that reason, the bill must be dismissed ; for, in such cases, the jurisdiction is in the courts of the United States, exclusively. Gibson v. Woodworth, 8 Paige, 131 ; Dudley v. Mahew, 3 N. Y. 14. The appellant in the case before us has failed to insert in his case and print the several patents read in evidence, or even his own; and, of course, it is impossible for us to determine to what extent, if at all, they conflict with each other. The learned judge before whom the trial was had, however, found, in effect, that there was enough evidence before him, tending to establish a conflicting claim on the part of the defendants, to oust the court of jurisdiction, and, thereupon, dismissed the com *530 plaint; and we cannot say, upon the proofs laid before . us, that he erred in so doing. The judgment should, therefore, be affirmed,'with-costs.